The protest is overruled, and judgment will issue accordingly.

(C.D. 3414)

BRUCE ARNOLD, LTD. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided April 22, 1968)

*Sharretts, Paley, Carter & Blauvelt* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before RAO, FORD, and BECKWORTH, Judges

RAO, Chief Judge: The merchandise covered by the protest listed above consists of imported beaded and sequined dresses, which were classified as other women's, girls', or infants' wearing apparel, ornamented, and assessed with duty at the rate of 42.5 per centum ad valorem pursuant to the provisions of item 382.03 of the Tariff Schedules of the United States.

It is claimed in said protest that said merchandise is properly dutiable at the rate of 25.5 per centum ad valorem as articles, not specially provided for, of beads, of bugles, of spangles, of imitation gemstones, or of any combination thereof, pursuant to the provisions of item 741.50 of said tariff schedules.

---

[5] In view of the conclusion that the imported articles are not parts of jig-boring machine tools, we need not reach the additional question as to whether or not the projectors are in chief value of metal.

This protest has been submitted for decision upon a written stipulation of counsel for the respective parties hereto, which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto that the merchandise marked "A" and checked JW (Initials) by John E. Wargo (Name) on the invoices covered by the protest enumerated above, assessed with duty at 42½% ad valorem under Item 382.03, TSUS, consists of fully beaded, sequined, bugled or spangled dresses, blouses, sweaters or skirts.

IT IS FURTHER STIPULATED AND AGREED that the articles covered by the protest enumerated above, are wholly or in chief value of beads; and that the fabric on said articles is not visible in significant part.

IT IS FURTHER STIPULATED AND AGREED that the protest be submitted on this stipulation, said protest being limited to the merchandise marked "A" as aforesaid and to the claim that said merchandise is dutiable at 25½% ad valorem under Item 741.50, TSUS, as articles not specially provided for, of beads, of bugles, of spangles, of imitation gemstones, or of any combination thereof.

IT IS FURTHER STIPULATED AND AGREED that the protest enumerated above is submitted for decision upon this stipulation and are abandoned as to all items not included and referred to herein.

Upon the agreed facts, we hold the merchandise here in question, identified by invoice items marked and checked as aforesaid, to be dutiable at the rate of 25.5 per centum ad valorem as articles, not specially provided for, of beads, of bugles, of spangles, of imitation gemstones, or of any combination thereof, under item 741.50 of the Tariff Schedules of the United States. The claim in the protest to that effect is sustained. All other claims are, however, dismissed.

Judgment will be entered accordingly.